UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                    Case No. 14-cr-105-1-SM
                                                         Opinion No. 2020 DNH 160

<u>Douglas Ellison</u>

**<u>ORDER</u>**

Defendant's motion for "compassionate release" from incarceration under the First Step Act, 18 U.S.C. § 3582(a)(1)(A), given the COVID-19 pandemic, is properly before the court as defendant has exhausted available administrative remedies.  Doc. No. 62.

The burden is on defendant to show that he is entitled to relief, that is 1) that extraordinary and compelling reasons warrant a reduction in his sentence, and 2) such a reduction would be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e) as well as Sentencing Commission Policies (though that is not strictly required under the First Step Act).

Here, the government concedes that defendant's medical conditions place him in a high-risk category should he contract COVID-19, and that defendant has met his burden to show

1

"extraordinary and compelling" reasons warranting sentence reduction. But, says the government, the sentencing factors weigh heavily against defendant's early release, particularly the danger defendant poses to the community. See 18 U.S.C. § 3142(g); USSG § 1B1.13(2).

As of August 25, 2020, no staff member, and only one inmate tested positive for the virus, and risk management procedures in the New Hampshire State Prison have been both extensive and largely successful in controlling the spread of the virus. The current risk of contracting the virus is low. And, defendant's history strongly militates against release.

Defendant was convicted of bank robbery, has served just over half of his 10-year sentence, has a history of recidivism, having accumulated 16 criminal history points (placing him in CHC VI), including violating terms of probation and parole in the past, and is categorized as a career offender under the Sentencing Guidelines. He has not met his burden to show that he no longer poses a danger to the safety of the community. In addition, defendant's early release would, under these circumstances, be inconsistent with the sentencing goals of promoting respect for the law, imposing a just punishment,

protecting the public, and providing for both general and specific deterrence.  18 U.S.C. § 3553(a).

## Conclusion

Given the current low risk of community spread of the virus in the facility, the danger to public safety defendant would pose if released, and the sentencing factors militating against defendant's early release, the motion for compassionate release under the First Step Act is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 15, 2020

cc:  Jennifer C. Davis, AUSA
     Dorothy E. Graham, Esq.
     U.S. Probation
     U.S. Marshal